UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                     **ORDER**
                                      Criminal File No. 15-344 (MJD/JJK)

(1) MARK JAMES HANSON,

      Defendant.

Carol M. Kayser and Angela M. Munoz-Kaphing, Assistant United States Attorneys, Counsel for Plaintiff.

James R. Behrenbrinker, Behrenbrinker Law Firm, Counsel for Defendant.

## I.    Introduction

This matter is before the Court on Defendant's motions in limine. The matter is set for a bench trial on March 9, 2016. In Count Two of the Superseding Indictment, Defendant Mark James Hanson is charged with Assault on a Federal Law Enforcement Officer in violation of 18 U.S.C. §§ 111(a) and 111(b).

## II.    Hanson's Conduct Before the Alleged Assault

Defendant seeks to exclude evidence of his conduct when law enforcement arrested him at his home several hours before the alleged assault. He asserts

that, under Federal Rule of Evidence 403, the danger of unfair prejudice substantially outweighs any probative value.

The Government seeks to introduce evidence that Hanson resisted arrest and used profanity earlier in the day of the alleged assault. It further seeks to introduce evidence that Hanson was using profanity while in the holding cell when Deputy U.S. Marshal Erik Merritt came to take him out. The Government argues that this evidence is intrinsic evidence which will rebut Hanson's argument that he was insulted or offended by Merritt's language and treatment of him. Merritt will testify that he used profanities when addressing Hanson in order to mirror Hanson's affect and use Hanson's own language.

"Evidence of other wrongful conduct is considered intrinsic when it is offered for the purpose of providing the context in which the charged crime occurred. Such evidence is admitted because the other crime evidence completes the story or provides a total picture of the charged crime." United States v. Johnson, 463 F.3d 803, 808 (8th Cir. 2006) (citations omitted).

The Court denies Defendant's motion. The evidence of Defendant's actions during his arrest and in his cell before the alleged assault is relevant to provide the context of the alleged assault and to explain the effect of Merritt's use

of profanity on Defendant. The Court finds that the probative value of the offered evidence is not substantially outweighed by any danger of unfair prejudice.

### III.     Hanson's Statement that He "Belted" Merritt

After the assault, Hanson was put in a cell by himself until the paramedics arrived. Defendant claims that he was not yet Mirandized. Deputy U.S. Marshal Brad Flaa went to Hanson's cell to check on him. The second time, Flaa asked Hanson how he was feeling physically. Hanson responded with profanities and stated something along the lines of the following: "That marshal started playing God with me, trying to tell me what to do, so I belted him, just like he deserved."

Defendant seeks to exclude his statement that he "belted" Merritt on the grounds that he was not given a Miranda warning and his statement was given in a custodial setting in response to direct questioning from law enforcement.

"The requirements of Miranda are triggered only when a defendant is both in custody and being interrogated." United States v. Head, 407 F.3d 925, 928 (8th Cir. 2005). "[T]he term 'interrogation' under Miranda refers not only to express questioning, but also to any words or actions on the part of the police (other than those normally attendant to arrest and custody) that the police should know are reasonably likely to elicit an incriminating response from the suspect."

Rhode Island v. Innis, 446 U.S. 291, 301 (1980) (footnotes omitted).  A "statement made by a suspect that is voluntary and not in response to interrogation is admissible with or without the giving of Miranda warnings."  Head, 407 F.3d at 928.

The Court denies Defendant's motion to suppress.  Flaa's questions to Hanson regarding his physical condition, while he was awaiting medical attention after an injury, were not reasonably likely to elicit an incriminating response.  Hanson's statement was not in response to interrogation, and it was voluntary.  Therefore, the statement is admissible.

Accordingly, based upon the files, records, and proceedings herein**, IT IS HEREBY ORDERED**:

Defendant's Motions in Limine are **DENIED**.


Dated:  March 9, 2016              s/ Michael J. Davis
                                   Michael J. Davis
                                   United States District Court