**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

UNITED STATES OF AMERICA,

Plaintiff,

v.

MARK JAMES HANSON,

Defendant.

Criminal No. 15-344 (MJD/JSM)

**PRELIMINARY ORDER**
**OF FORFEITURE**

Based on the United States' motion for a Preliminary Order of Forfeiture; on the guilty plea as to Count 1 of the Superseding Indictment; on the Declaration of Maureen T. Lese; on the Court having found that certain property is subject to forfeiture pursuant to 18 U.S.C. § 2253(a); and on the Court's determination based upon all of the files and records of this proceeding, the government has established the requisite nexus between such property and the offense to which the Defendant has been found guilty,

IT IS HEREBY ORDERED that:

1.      The Motion of the United States for a Preliminary Order of Forfeiture [Docket No. 66] is **GRANTED;**

2.      The following property is forfeited to the United States pursuant to 18 U.S.C. § 2253(a):

a. Emachine CPU, serial no. GDF5410020659, with Seagate hard drive, serial no. 5JVLR1GE;

b. Toshiba Laptop computer, serial no. 78117474Q with Toshiba hard drive, serial no. 51EET8WGT;

c. Toshiba portable hard drive, serial no. Y2E6CH29TSX3; and

     d.  Seagate hard drive, serial no. 5LS4HT8V (together, "the property").

3.     The Attorney General or her authorized designee may seize the property and maintain custody and control of the property pending the entry of a Final Order of Forfeiture;

4.     The United States shall, pursuant to 21 U.S.C. § 853(n)(1), as incorporated by 18 U.S.C. § 2253(b), publish and give notice of this Order and its intent to dispose of the property in such manner as the Attorney General may direct;

5.     Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A) and (B), this Preliminary Order of Forfeiture shall become final as to the defendant at the time of sentencing, and shall be made a part of the sentence and included in the judgment;

6.     Following the Court's disposition of all petitions filed pursuant to 21 U.S.C. § 853(n)(2) or, if no petitions are filed, following the expiration of the time period specified within which to file such petitions, the United States shall have clear title to the property and may warrant good title to any subsequent purchaser or transferee; and

7.     This Court shall retain jurisdiction to enforce this Order, and to amend it as necessary pursuant to Fed. R. Crim. P. 32.2(e).

Dated:  June 2, 2016              s/ Michael J. Davis
                                        MICHAEL J. DAVIS, Judge
                                        United States District Court