UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,

      Plaintiff,

v.                           MEMORANDUM OF LAW & ORDER
                            Criminal File No. 15-344 (MJD/JSM)

(1) MARK JAMES HANSON,

      Defendant.

Angela M. Munoz, Assistant United States Attorney, Counsel for Plaintiff.

Mark James Hanson, pro se.

## I. INTRODUCTION

This matter is before the Court on Defendant Mark James Hanson's Pro Se Motion for Compassionate Release from Custody. [Docket No. 84]

## II. BACKGROUND

On January 20, 2016, Defendant Mark James Hanson pled guilty to Count 1 of the Superseding Indictment, Possession of Child Pornography, in violation of 18 U.S.C. § 2242(a)(4)(B) and (b)(2). On March 9, 2016, following a bench trial, he

1

was convicted of Count 2, Assault on a Federal Law Enforcement Officer, in violation of 18 U.S.C. § 111(a) and (b).

On June 7, 2016, Defendant was sentenced to a term of 132 months, consisting of 120 months on Count One, Possession of Child Pornography, followed by a consecutive term of 12 months on Count Two, Assault on a Federal Officer.

### III.   DISCUSSION

Under the First Step Act, 18 U.S.C. § 3582(c)(1)(A), the Court may, upon a defendant's motion following exhaustion of administrative remedies or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, "reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that-- (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

The applicable policy statement with respect to motions to reduce sentence is set forth in U.S.S.G. § 1B1.13.  Pursuant to this policy statement, when deciding

a motion for a sentence reduction under § 3582(c), the Court must determine whether extraordinary and compelling reasons exist to warrant such relief, whether the defendant is a danger to the safety of any other person or to the community, and whether a sentence reduction is consistent with the policy statement. U.S.S.G. § 1B1.13. This policy statement also defines "extraordinary and compelling reasons" due to medical condition of the defendant as follows:

> (ii) The defendant is—
>
>> (I) suffering from a serious physical or medical condition,
>>
>> (II) suffering from a serious functional or cognitive impairment, or
>>
>> (III) experiencing deteriorating physical or mental health because of the aging process,
>
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. § 1B1.13, cmt. 1(A).

Defendant has exhausted administrative remedies. Therefore, the Court addresses the merits of Defendant's request.

The Court finds that Defendant has failed to show "extraordinary and compelling reasons" due to medical conditions to warrant relief. Defendant

3

suffers from medical conditions, chronic kidney disease and an ileostomy, that raise his risk of complications from COVID-19. However, Defendant's condition is stable, and he is receiving excellent care at FMC Rochester, where he is being regularly tested for COVID-19.

Defendant has also failed to demonstrate that he is no longer a danger to the community. This is Defendant's second conviction for possession of child pornography. He previously failed to complete sex offender treatment and has ongoing anger issues, as demonstrated by his unprovoked and violent attack on a deputy U.S. Marshal. Defendant is likely to reoffend.

A sentence reduction in this case would also be contrary to the factors set forth in 18 U.S.C. § 3553(a). A sentence reduction would not reflect the seriousness of the offense of conviction, promote respect for the law, or provide a just punishment. In addition, Defendant has only served approximately half of his sentence, therefore a sentence reduction would create unwarranted sentencing disparities among defendants and would not afford adequate deterrence for the offense committed.

Accordingly, based upon the files, records, and proceedings herein, **IT IS HEREBY ORDERED**:

1. Defendant Mark James Hanson's Pro Se Motion for Compassionate Release from Custody [Docket No. 84] is **DENIED**.

2. The Government's Motion to Seal [Docket No. 90] is **GRANTED** and the exhibits [Docket Nos. 91, 92] shall be sealed for 30 years (1/19/2051).

Dated:  January 19, 2021             s/ Michael J. Davis
                                     Michael J. Davis
                                     United States District Court